

RECEIVED
APR 12 2019
AT 8:30_____M
WILLIAM T WALSH CLERK

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Shawn P. Barnes*
*Special Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-2700

March 14, 2019

Eric Kanefsky, Esq.
Calcagni & Kanefsky, LLP
One Raymond Center
1085 Raymond Boulevard, 14th Floor
Newark, New Jersey 07102

   Re: <u>Plea Agreement with Aryeh Goodman</u> *Cr. 19-2651 (FLW)*

Dear Mr. Kanefsky:

  This letter sets forth the plea agreement between your client, ARYEH GOODMAN, and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire at 5:00 p.m. on March 15, 2019 if it is not accepted in writing by that date.

**Charge**

  Conditioned on the understandings specified below, this Office will accept a guilty plea from ARYEH GOODMAN to an Information charging him with interstate travel in aid of racketeering enterprises, in violation of 18 U.S.C. § 1952(a)(3).

  If ARYEH GOODMAN enters a guilty plea and is sentenced on this charge to a term of 18 months' imprisonment and 1 year of supervised release, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ARYEH GOODMAN for, from on or about February 1, 2018 through on or about February 2, 2018, utilizing a cellular telephone, a facility of interstate commerce, to solicit prostitution with Minor Victim-1. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ARYEH

GOODMAN may be commenced against him, notwithstanding the expiration of the limitations period after ARYEH GOODMAN signs the agreement.

Should the Court at any time reject this plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to their status prior to the entry of the plea. This Office will advise the Court and the Probation Department of information relating to sentencing, and such information may be used by the Court in determining ARYEH GOODMAN's sentence. In the event that the Court defers a decision to accept the plea until the Court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the Court ultimately determines to reject the proposed plea.

**Sentencing**

The violation of 18 U.S.C. § 1952(a)(3), to which ARYEH GOODMAN agrees to plead guilty, carries a statutory maximum sentence of five years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on ARYEH GOODMAN, the sentencing judge: (1) will order ARYEH GOODMAN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order forfeiture, pursuant to 18 U.S.C. § 1594(d) and (3) pursuant to 18 U.S.C. § 3583 may require ARYEH GOODMAN to serve a term of supervised release of up to one (1) year, which will begin at the expiration of any term of imprisonment imposed. Should ARYEH GOODMAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ARYEH GOODMAN may be sentenced to not more than one (1) year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and ARYEH GOODMAN agree that a sentence of 18 months' imprisonment and 1 year of supervised release is the appropriate disposition of

this case. Accordingly, if the Court accepts this plea agreement, ARYEH GOODMAN will be sentenced to a term of 18 months' imprisonment and 1 year of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ARYEH GOODMAN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of ARYEH GOODMAN's activities and relevant conduct with respect to this case.

## Stipulations

This Office and ARYEH GOODMAN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or ARYEH GOODMAN from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

**Waiver of Appeal and Post-Sentencing Rights**

As set forth in Schedule A, this Office and ARYEH GOODMAN agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. ARYEH GOODMAN further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.

**Forfeiture**

ARYEH GOODMAN agrees that as part of his acceptance of responsibility and pursuant to (i) 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, ARYEH GOODMAN, shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the racketeering offense charged in the Information; (ii) and pursuant to 18 U.S.C. § 924 and 28 U.S.C. § 2461, any firearm and ammunition involved in or used in the commission of the racketeering offense charged in the Information.

ARYEH GOODMAN further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Information (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. The ARYEH GOODMAN shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

ARYEH GOODMAN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and

incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the ARYEH GOODMAN consents to the entry of a Consent Judgment of Forfeiture that will be final as to the ARYEH GOODMAN prior to the ARYEH GOODMAN's sentencing. ARYEH GOODMAN understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of ARYEH GOODMAN's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. ARYEH GOODMAN hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

ARYEH GOODMAN further agrees that not later than 90 days prior to his sentencing he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If ARYEH GOODMAN fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that ARYEH GOODMAN has intentionally failed to disclose assets on his Financial Disclosure Statement, ARYEH GOODMAN agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief. In addition, ARYEH GOODMAN consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, ARYEH GOODMAN knowingly and voluntarily waives his right to any required notice concerning the forfeiture of those assets and agrees to execute any documents necessary to effectuate the forfeiture of those assets.

**Immigration Consequences**

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration

authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

**Other Provisions**

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ARYEH GOODMAN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against ARYEH GOODMAN.

No provision of this agreement shall preclude ARYEH GOODMAN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that ARYEH GOODMAN received constitutionally ineffective assistance of counsel.

**No Other Promises**

This agreement constitutes the plea agreement between ARYEH GOODMAN and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: SHAWN P. BARNES
Special Assistant United States Attorney

APPROVED:

MARY TOSCANO
Deputy Chief, Criminal Division

I have received this letter from my attorney, Eric Kanefsky. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has on this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 3/15/19
Aryeh Goodman

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has on this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 3/15/19
Eric Kanefsky, Esq.
Counsel to Aryeh Goodman

## Plea Agreement with ARYEH GOODMAN
## Schedule A

1. This Office and ARYEH GOODMAN agree to stipulate to the following facts:

    a. On or about February 1, 2018, ARYEH GOODMAN located an advertisement for prostitution-related services on the internet.

    b. On or about February 1, 2018, ARYEH GOODMAN utilized a cellular telephone to answer that advertisement and arrange a meeting.

    c. On or about February 1, 2018, ARYEH GOODMAN travelled to a pre-arranged location in East Brunswick, New Jersey, intending to solicit and engage in prostitution by paying for sexual acts.

    d. On or about February 1, 2018, ARYEH GOODMAN paid an individual associated with Minor Victim-1, who was 17 years old, so that he could have sexual acts with Minor Victim-1.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of 18 months' imprisonment and 1 year of supervised release for the charge contained in the Information is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence below or above 18 months' imprisonment and 1 year of supervised release.  Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

4. ARYEH GOODMAN knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is 18 months' imprisonment and 1 year of supervised release.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence

imposed is 18 months' imprisonment and 1 year of supervised release. Furthermore, if the sentencing court accepts the stipulations set forth in Schedule A, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.